# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY** | CIVIL ACTION NO. |
| *Plaintiff* | |
| **VERSUS** | DIVISION:<br>JUDGE |
| **PAUL M. GALAFORO AND GALAFORO CONSTRUCTION, LLC** | SECTION:<br>MAGISTRATE: |
| *Defendants* | |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR INDEMNITY AND COLLATERAL SECURITY

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Philadelphia Indemnity Insurance Company ("Philadelphia"), who respectfully submits this Complaint against Defendants Paul M. Galaforo ("Mr. Galaforo") and Galaforo Construction, LLC ("Galaforo Construction"), and, upon information and belief, Philadelphia respectfully avers as follows:

### I.   PARTIES

1.   Philadelphia is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in Bala Cynwyd, Pennsylvania, from which location Philadelphia's high-level officers direct, control, and coordinate Philadelphia's corporate activities. Philadelphia is duly qualified and authorized to transact, and is transacting, business in the State of Louisiana.

2.   Made Defendants herein are the following:

a)   Paul M. Galaforo, who, upon information and belief, is a member and/or manager of Galaforo Construction and is a citizen of the State of Louisiana; and,

    b) Galaforo Construction, LLC, which, upon information and belief, is a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in Gretna, Louisiana.

## II.   JURISDICTION & VENUE

  3.  This Court has original jurisdiction over this litigation under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity among Philadelphia and the Defendants.

  4.  For the purposes of determining a United States District Court's diversity jurisdiction over a matter, a limited liability company is deemed to have the citizenship of all of its members. Galaforo Construction has the citizenship of Mr. Galaforo, who, upon information and belief, is its sole member. Therefore, Mr. Galaforo and Galaforo Construction are Louisiana citizens, and complete diversity exists among the parties.

  5.  Venue is proper in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(1) because Galaforo Construction has its principal place of business within this judicial district and Mr. Galaforo resides within this judicial district.

## III.   FACTUAL ALLEGATIONS

**A.**  **Philadelphia is Entitled to Indemnification by Mr. Galaforo and Galaforo Construction, as Indemnitors**

  6.  On or about May 3, 2017, Galaforo Construction entered into a contract with the Jefferson Parish School Board for construction work on the Henry Ford Middle School in Westwego, Louisiana (the "Project").

  7.  In connection with the Project, Philadelphia issued Labor and Material Payment Bond No. CE 02671700087, naming Galaforo Construction as principal and the Jefferson Parish

School Board as obligee and with a penal sum of $468,500.00 ("the Bond"). A true and accurate copy of the Bond is attached hereto as Exhibit "A."

8. To induce Philadelphia to issue the Bond, Galaforo Construction and Mr. Galaforo (collectively, the "Indemnitors") executed a General Indemnity Agreement in favor of Philadelphia on February 5, 2015 (the "Indemnity Agreement"). A true and accurate copy of the Indemnity Agreement is attached hereto as Exhibit "B."

9. The Indemnity Agreement applies to any bond executed on behalf of the Indemnitors or any individual Indemnitor, including the Bond.

With respect to the Indemnitors' duty to collateralize Philadelphia upon Philadelphia's demand, the Indemnity Agreement states:

> If a claim or demand for performance of any obligation under any Bond is made against Surety [*i.e.*, Philadelphia], Indemnitors, upon Surety's demand, shall immediately deposit with Surety United States Legal currency, as collateral security, in an amount equal to the reserves posted by Surety with respect to such claim or demand, plus an amount equivalent to Surety's estimate of its anticipated expenses and attorneys' fees to be incurred in connection therewith. Indemnitors acknowledge and agree that Surety shall be entitled to specific performance of this paragraph.

Indemnity Agreement, General Provisions, § 1.

11. With respect to the Indemnitors' duty to Indemnify Philadelphia for any loss, expense, or demand incurred in relation to the Bond and enforcement of the Indemnity Agreement:

> [The Indemnitors] [a]gree to defend, indemnify, and save harmless Surety [*i.e.*, Philadelphia] from and against any and all demands, liabilities, costs, penalties, obligations, interest, damages and expenses of whatever nature or kind, including but not limited to attorneys' fees (including those of both outside and in-house attorneys) and costs and fees incurred in investigation of claims or potential claims, adjustment of claims, procuring or attempting to procure the discharge of Bond, or attempting to recover losses or expenses from Indemnitors or third parties, whether Surety shall have paid out or anticipates paying out any such sums . . . .

3

Indemnity Agreement, Indemnity § 1.

12. The Indemnity Agreement grants Philadelphia the right, in its discretion, to determine when to pay, compromise, or defend against any claim on the Bond:

> Surety [*i.e.*, Philadelphia] shall have the right in its sole and absolute discretion to determine whether any claim under any Bond or Bonds shall be paid, compromised, adjusted, defended, prosecuted, or appealed, provided Surety exercises such discretion in the subjective belief that such claim may result in any liability or loss.

Indemnity Agreement, Indemnity § 3(b).

**B. Philadelphia Incurred Losses and Expenses Due to Its Issuance of the Bond and Enforcement of the Indemnity Agreement**

13. In conducting its work on the Project, Galaforo Construction received labor, material, and/or supplies from Trulite Glass & Aluminum Solutions, LLC ("Trulite") and Star Auto Glass, Inc. ("Star").

14. Trulite and Star asserted that Galaforo Construction failed to timely pay Trulite and Star for labor and materials provided to the Project.

15. Trulite and Star made claims for payment of outstanding invoices against the Bond and Philadelphia, as Galaforo Construction's Surety.

16. Upon information and belief, in November and December, 2018, Philadelphia repeatedly attempted to contact Mr. Galaforo through phone calls and hard-copy correspondence, regarding the claims on the Bond made by Trulite and Star and to request Mr. Galaforo's response to such claims.

17. On December 16, 2018, after repeated attempts to contact Mr. Galaforo without a substantive response, Philadelphia wrote to Mr. Galaforo to notify him Philadelphia had exhausted all reasonable efforts to elicit a response to its inquiries and would make a determination on the

4

claims against the Bond made by Trulite and Star. *See* December 16, 2018 Correspondence to Mr. Galaforo, attached hereto as Exhibit "C."

18. Philadelphia's December 16, 2018 correspondence also provided notice to Mr. Galaforo of Philadelphia's rights under the Indemnity Agreement to demand collateral security and receive indemnification for any loss, costs, and expenses related to the Bond, as well as Mr. Galaforo's corresponding rights to provide collateral security at Philadelphia's demand and indemnify and hold harmless Philadelphia. *See* Exhibit "C."

19. Pursuant to its rights under the Indemnity Agreement, Philadelphia demanded Mr. Galaforo immediately deposit with Philadelphia collateral security of $150,000 to protect Philadelphia from losses related to its issuance of the Bond. *See* Exhibit "C."

20. Mr. Galaforo failed to respond to Philadelphia's December 16, 2018 correspondence.

21. On or about February 22, 2019, Philadelphia issued Check No. 3000250876 in the amount of $49,886.41 to Trulite Glass & Aluminum Solutions, LLC for full payment of all of Trulite's outstanding invoices for labor and/or materials provided to the Project. *See* Checks for Claims on Bond, attached hereto as Exhibit "D."

22. On or about February 22, 2019, Philadelphia issued Check No. 3000250875 in the amount of $87,142.57 to Star Auto Glass, Inc. for full payment of all of Star's outstanding pay applications for labor and/or materials provided to the Project. *See* Exhibit "D."

23. On or about February 27, 2019, Philadelphia wrote to Mr. Galaforo to demand Mr. Galaforo reimburse Philadelphia for the losses it incurred through payment to Trulite and Star under the Bond. *See* February 27, 2019 Correspondence to Mr. Galaforo, attached hereto as Exhibit "E."

24. Philadelphia has expended and continues to expend its own funds in connection with the Project and Philadelphia's obligations under the Bond, and Philadelphia expects these losses and expenses to increase.

25. Philadelphia has incurred $137,028.98 in losses due to its payment of Trulite and Star for their claims on the Bond, for which loss the Indemnitors are obligated to reimburse and indemnify Philadelphia.

26. Due to the Indemnitors' default of the Indemnity Agreement and alleged failure to comply with its subcontracts with suppliers of labor and/or materials for the Project, Philadelphia has also incurred direct losses representing its attorneys', consultants, and other professionals' fees and expenses in investigating, defending, and resolving the claims against the Bond, in addition to the instant indemnity action, for which Indemnitors have failed to indemnify and hold harmless Philadelphia.

27. Philadelphia has also incurred attorneys' fees in enforcing the Indemnity Agreement, for which Indemnitors have failed to indemnify and hold harmless Philadelphia. The amount of attorneys' fees incurred to date is presently estimated to exceed $1,762.00.

28. All of the foregoing expenses constitute losses under the Indemnity Agreement, for which the Indemnitors are obligated to indemnify and hold harmless Philadelphia.

29. Further, Philadelphia continues to expend sums and anticipates that it will sustain further losses and incur further expenses related to its issuance of the Bond and enforcement of the Indemnity Agreement due to the Indemnitors' ongoing breach of their duties under the Indemnity Agreement.

**C.    The Indemnitors Breached Their Collateral Security and Indemnity Obligations Under the Indemnity Agreement**

30.    Philadelphia has demanded collateral security but the Indemnitors have failed to fulfill their obligations under the Indemnity Agreement.

31.    On December 16, 2018, Philadelphia demanded the Indemnitors deposit $150,000 in collateral security with Philadelphia, representing Philadelphia's anticipated loss related to the Bond, based upon, among other things, the claims on the Bond made by Trulite and Star and allegations that Galaforo Construction was not timely paying its providers of labor and/or materials on the Project.

32.    Despite the Indemnitors' clear and unambiguous obligations under the Indemnity Agreement and Philadelphia's demand for collateral security, the Indemnitors have not collateralized Philadelphia.

33.    Philadelphia has demanded the Indemnitors indemnify Philadelphia for its losses and expenses but the Indemnitors have failed to fulfill their obligations under the Indemnity Agreement.

34.    On February 27, 2019, Philadelphia demanded the Indemnitors reimburse Philadelphia for losses it suffered related to the Bond, based upon Philadelphia's payment of Trulite and Star's claims on the Bond.

35.    Despite the Indemnitors' clear and unambiguous obligations under the Indemnity Agreement and Philadelphia's demand for indemnity, the Indemnitors have not indemnified Philadelphia.

36.    Philadelphia has incurred additional losses and expenses in connection with its efforts to enforce the Indemnity Agreement, including the filing of this lawsuit, and will continue

to suffer losses and expenses as this lawsuit proceeds. Accordingly, Philadelphia reserves its right to demand additional collateral security and indemnity from the Indemnitors.

## IV.     CLAIMS FOR RELIEF

### COUNT I

*Contractual Indemnification*

37.     Philadelphia restates the averments contained in the foregoing paragraphs of its Complaint as if set forth herein *in extenso*.

38.     Pursuant to the Indemnity Agreement, the Indemnitors are obligated to defend, indemnify, and save harmless Philadelphia from and against any and all losses Philadelphia may suffer related to the Bond and enforcement of the Indemnity Agreement, including, without limitation, attorneys' fees and other fees and costs.

39.     Philadelphia has incurred and continues to incur losses totaling $137,028.98 in connection with its issues of the Bond and enforcement of the Indemnity Agreement, and Philadelphia expects such losses to increase as long as the Indemnitors remain in breach of their obligation to indemnify Philadelphia.

40.     The Indemnitors breached the Indemnity Agreement by failing to indemnify RLI from all losses RLI suffered related to the Bond and enforcement of the Indemnity Agreement. The Indemnitors' breach of the Indemnity Agreement is ongoing and necessitated Philadelphia's filing this lawsuit.

41.     Therefore, Philadelphia is entitled to a judgment from this Court compelling the Indemnitors to fulfill their obligations under the Indemnity Agreement and indemnify Philadelphia for all losses and expenses Philadelphia has incurred related to its issuance of the Bond and enforcement of the Indemnity Agreement.

42. As Philadelphia's right to indemnification under the Indemnity Agreement is ongoing, Philadelphia reserves the right to further supplement its claim for Indemnification.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Philadelphia Indemnity Insurance Company, respectfully prays that its Original Complaint for Indemnity and Collateral Security be deemed good and sufficient, and, after due proceedings are had a Judgment issue ordering the Defendant-Indemnitors, Galaforo Construction, LLC and Paul M. Galaforo, to indemnify Philadelphia for the amount of Philadelphia's losses and expenses, including, but not limited to, attorneys' fees and costs, incurred thus far and to be incurred related to its issuance of the Bond and enforcement of the Indemnity Agreement, with interest therein from the date of demand, and for such further relief as may be appropriate and to which Philadelphia may be entitled, including, without limitation, pre-judgment interest and post-judgment interest.

Respectfully submitted,

**KREBS FARLEY, PLLC**

*/s/ Craig N. Mangum*
Craig N. Mangum, La. Bar. No. 36898
Dylan D. Lynch, La. Bar. No. 36557
400 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: 504.299.3570
Facsimile: 504.299.3582
E-Mail: cmangum@kfplaw.com
dlynch@kfplaw.com
*Attorneys for Philadelphia Indemnity Insurance Company*