All applicants must have a completed and signed indemnity agreement on file with Philadelphia Indemnity Insurance Company

## GENERAL INDEMNITY AGREEMENT

THIS General Indemnity Agreement (AGREEMENT) is made by the undersigned Principal(s) and Indemnitor(s), all of which are individually and collectively referred to as Indemnitors for the continuing benefit of Surety in connection with any Bond executed on behalf of any Indemnitor. Indemnitors hereby certify the truth of all statements in the application, authorize the Surety to verify this information and to obtain additional information from any source, including obtaining a credit report at the time of application, in any review or renewal, at the time of any potential or actual claim, or for any other legitimate purposes as determined by the Surety in its reasonable discretion.

**DEFINITIONS.** The following terms shall have the following definitions in this Agreement:

**BOND:** Any surety bond, undertaking, or other express or implied obligation of guaranty of suretyship executed or committed to by Surety, at the request of any Principal or Indemnitor on, before or after this date, and any riders, endorsements, extensions, continuations, renewals, substitutions, increases or decreases in penal sum, reinstatements or replacements thereto.

**PRINCIPAL:** The person(s) and entity(ies), for whom any Bond is issued or committed to by Surety, or any one or combination thereof, or their successors in interest, whether alone or in joint venture with others named herein or not named herein, and any person or entity that directly or indirectly, through one or more intermediaries, controls or is controlled by, or is under common control with any party to this Agreement.

**SURETY:** Any and all of: Philadelphia Indemnity Insurance Company, their respective co-sureties, reinsurers, and any other person or entity which may act as surety or co-surety on any Bond, or any other person or entity who executes any Bond at its request.

**INDEMNITOR:** Any person or entity signing this Agreement or whose authorized representatives sign this Agreement.

**INDEMNITY.** Indemnitors:

1. Agree to defend, indemnify, and save harmless Surety from and against any and all demands, liabilities, costs, penalties, obligations, interest, damages and expenses of whatever nature or kind, including but not limited to attorneys' fees (including those of both outside and in-house attorneys) and costs and fees incurred in investigation of claims or potential claims, adjustment of claims, procuring or attempting to procure the discharge of Bond, or attempting to recover losses or expenses from Indemnitors or third parties, whether Surety shall have paid out, or anticipates paying out any such sums; and

2. Agree to pay Surety all premiums on Bonds issued by Surety on behalf of any Indemnitor, in accordance with Surety's rates in effect when each payment is due. Premiums on contract bonds are based on the contract price, without reference to the penal sum of the Bond, and shall be adjusted due to changes in the total contract price. On any Bond where Surety charges an annual premium, such annual premium shall be due upon execution of the Bond and upon the renewal or anniversary date of such Bond until satisfactory evidence of termination of Surety's liability as a matter of law under the Bond is furnished to Surety's satisfaction; and

3. Agree that in furtherance of such indemnity:
   a. In any claim or suit arising out of or related to either or both any Bond and this Agreement, an itemized statement of Surety's loss and expense, sworn to by a representative of Surety, or other evidence of disbursement by Surety, shall be prima facie evidence of the fact and extent of Indemnitors liability under this Agreement.
   b. Surety shall have the right in its sole and absolute discretion to determine whether any claim under any Bond or Bonds shall be paid, compromised, adjusted, defended, prosecuted or appealed, provided Surety exercises such discretion in the subjective belief that such claim may result in any liability or loss.
   c. Surety's determination shall be final, conclusive and binding upon the Indemnitors. Indemnitors acknowledge that Surety's discretion is expressly bargained for by Surety, is a precondition for Surety to consider issuing or procuring any Bond, and is a significant part of the consideration for Surety to enter into this Agreement.
   d. Upon default of this Agreement Surety as attorney-in-fact of the Indemnitors, is hereby assigned all earned and unearned construction proceeds due under any Bonded Contract.

**GENERAL PROVISIONS.** Indemnitors further agree as follows:

1. If a claim or demand for performance of any obligation under any Bond is made against Surety, Indemnitors, upon Surety's demand, shall immediately deposit with Surety United States legal currency, as collateral security, in an amount equal to the reserves posted by Surety with respect to such claim or demand, plus an amount equivalent to Surety's estimate of its anticipated expenses and attorneys' fees to be incurred in connection therewith. Indemnitors acknowledge and agree that Surety shall be entitled to specific performance of this paragraph.

2. Indemnitors' obligations under this Agreement are joint and several. Repeated actions under this Agreement or as otherwise permitted may be maintained by Surety without any former action operating as a bar to any subsequent action. Surety's release of any one Indemnitors shall not release any other Indemnitors. No action or inaction of Surety with respect to anyone other than Indemnitors shall relieve the Indemnitors of any obligation under this Agreement. Indemnitors shall not be released from liability under this Agreement because of the status, condition, or situation of any party to this Agreement or any Principal.

3. If the execution of this Agreement by any Indemnitor is defective or invalid for any reason, such defect or invalidity shall not affect the validity hereof as to any other Indemnitor. Should any provision of this Agreement be held invalid, the remaining provisions shall retain their full force and effect.

4. Indemnitors waive any defense that this instrument was executed subsequent to the date of any Bond and acknowledge that such Bond was executed pursuant to Indemnitors request and in reliance on Indemnitors promise to execute this Agreement. Indemnitors understand and agree that this Agreement is a continuing agreement to indemnify over an indefinite period.

5. Indemnitors have the right to review all Bonds executed by Surety for errors and omissions prior to delivery of the Bond to the obligee, and hereby waive any claim against Surety arising out of any such error or omission.

6. Surety may decline to execute any Bond for any reason and shall not be liable to Indemnitors, or any person or entity, as a result of such declination.

7. Indemnitors may terminate liability to Surety under this Agreement ONLY by sending written notice by registered mail of intent to terminate to Surety, in care of Philadelphia Indemnity Insurance Company, One Bala Plaza, Bala Cynwyd, PA 19004, attention Surety Division. Termination will be effective thirty days after actual receipt of such notice by Surety, only for Bonds signed or committed to by Surety after the effective date.

8. Indemnitors understand and agree that other than for the entity issuing a Bond, no other entity included within definition of the "Surety" in this Agreement assumes any obligation whatsoever with respect to either this Agreement or such Bond.

9. This Agreement may be executed in counterparts, with each counterpart being deemed one and the same original document. A copy of this Agreement shall be deemed an original for all purpose.

10. As further security, Principal hereby grants to Surety a security interest in, and lien on, all of their equipment, machinery, plant, inventory, insurance policies, vehicles, tools, real property, and materials, as well as sums, claims, causes of action, accounts, accounts receivable, and rights due or to become due in connection with any contract, whether or not bonded by Surety. This Agreement shall constitute a Security Agreement and a Financing Statement for the benefit of the Surety in accordance with the Uniform Commercial Code and all similar statutes and a deed of trust or mortgage, as applicable, and may be filed by the Surety without notice to perfect the security interests and liens granted herein. The Surety may add schedules, property descriptions, and other documents to this Agreement as necessary and may sign a copy of this Agreement, or copy thereof, where required for filing as a Financing Statement or to otherwise perfect any interest granted herein.

© 2013 Philadelphia Consolidated Holding Corp.

EXHIBIT "B"

11. Principal hereby irrevocably nominates and appoints the Surety and its designees as their attorney-in-fact with the right, power, and authority, but not the obligation, to exercise all of the rights and powers of the Principal assigned, transferred, and set over to the Surety in this Agreement. Surety may, in the name of the Principal, or any one or more of them, make, endorse, execute, sign, and deliver any and all additional or other instruments and writings, including, but not limited to, assignments, financing statements, documents, instruments, checks, drafts, deposit, ACH and wire transfer directives, change of address notices, liens and releases thereof, applications, certificates, draw requests, releases, and papers deemed necessary or desirable by Surety, and to collect the proceeds thereof.

12. As to any legal action related to this Agreement, Principal and Indemnitors consent to the jurisdiction of any court of competent jurisdiction, including the jurisdiction of any state or federal court where the Surety, Principal, or one or more of any of the Indemnitors is domiciled or doing business, at the sole discretion of the Surety. Principal and Indemnitors waive any right to trial by a jury for any tort or contract claims related to this Agreement and waive any claim or defense in any such action based on alleged lack of personal jurisdiction, improper venue, forum non conveniens or any similar basis.

Note: Indemnity is required of the entity AND all owners and spouses individually. First, provide the indemnity of the entity having an authorized officer sign and date below, listing his or her authorized title on behalf of the entity thereafter. Then, all owners and spouses must sign as individual personal indemnitors.

DATE SIGNED: 2/5/15

## CORPORATE INDEMNITY

COMPANY NAME (print): GAUAFIRO CONSTRUCTION
Signature: X
Print name here: PAUL M. GAUAFIRO JR.
(Person authorized to sign for the company)
Title: OWNER

COMPANY NAME (print):
Signature:
Print name here:
(Person authorized to sign for the company)
Title:

COMPANY NAME (print):
Signature:
Print name here:
(Person authorized to sign for the company)
Title:

## PERSONAL INDEMNITY

Indemnitor Signature:
(Indemnitor) Print name here: PAUL M GAUAFIRO JR.

Spouse Signature:
(Spouse) Print name here:

Indemnitor Signature:
(Indemnitor) Print name here:

Spouse Signature:
(Spouse) Print name here:

Indemnitor Signature:
(Indemnitor) Print name here:

Spouse Signature:
(Spouse) Print name here:

Indemnitor Signature:
(Indemnitor) Print name here:

Spouse Signature:
(Spouse) Print name here:

© 2013 Philadelphia Consolidated Holding Corp.